IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-20013-UNGARO/Torres

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

  Plaintiff,

v.

UNLIMITED PCS INC. *et al*,

  Defendants.
_____/

### ORDER DIRECTING SERVICE OF PROCESS
### PURSUANT TO FED. R. CIV. P. 4(f)(1) AND 4(f)(2)(C)(ii)

This cause having come before the Court on the Motion ("Mot.") of Plaintiff, TracFone Wireless, Inc. ("TracFone" or "Plaintiff") for entry of an order directing the Clerk's office to (1) pursuant to Fed. R. Civ. P. 4(f)(1), request service under the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention") of the complaint and summons on Defendant Technopark Co. Ltd. ("Technopark"), a foreign corporation ("Technopark" or "Defendant") and (2) pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii), dispatch a copy of the complaint, summons, and order via United States international express mail for service upon Technopark. [CD.E. 6]

#### INTRODUCTION

TracFone's complaint alleges that TracFone brought this action against the Defendants as a result of the Defendants' unlawful business enterprise involving the unauthorized trafficking of devices used to unlock/reflash TracFone's federally trademarked prepaid wireless telephones. Compl. at ¶ 2. TracFone further alleges that one of the four defendants in this case—

21694984.1

Technopark—is a foreign corporation, with its place of business located at Rooms 2905-06, 29/FL, 69 Jervois Street, Sheung Wan, Hong Kong. Compl. at ¶ 12. TracFone alleges that Technopark regularly transacts business in the United States, including within Florida but has not appointed a registered agent for service of process in Florida, or in any other state. Mot. at ¶ 3.

The same day it filed its complaint, TracFone moved the Court for entry of an order directing the Clerk to dispatch the complaint and summons to the Hong Kong Central Authority, pursuant to FED. R. CIV. P. 4(f)(1); and to dispatch the complaint and summons directly to Technopark by international mail and FedEx, pursuant to FED. R. CIV. P. 4(f)(1) and the Hague Service Convention, of the complaint and summons on Technopark.[1]

### SERVICE PURSUANT TO FED. R. CIV. P. 4(F)(1)

TracFone first request is that the Court direct the Clerk of this Clerk to issue a request under the Hague Service Convention for the Hong Kong Central Authority to effect service on Defendant, pursuant to Fed. R. Civ. P. 4(f)(1).

The Court begins by confirming that Hong Kong is a party to the Hague Service Convention. On this opening issue, the Court takes particular note of the detailed opinion entered by Judge Edmund V. Ludwig of the Eastern District of Pennsylvania in *Willis v. Magic Power Co., Ltd.*, No. 10-4275, 2011 WL 66017, at *2 (E.D. Pa. Jan. 7, 2011). Judge Ludwig's opinion in *Willis* carefully details the history of the Hong Kong's accession to the Hague Service Convention and the fact the such accession continued to remain in place even after Hong Kong

---

[1] The Court also takes note of the fact The Hague Convention status page for Hong Kong indicates that Hong Kong's Central Authority (the Chief Secretary for Administration) requires that the request for service of process must come from "Judicial officers, officials or other competent persons." *See* China (Hong Kong) - Other Authority (Art. 18) & Practical Information, http://www.hcch.net/index_en.php?act=authorities.details&aid=393 (last visited January 3, 2012). TracFone indicates that it is also sending a request for service from its counsel, as another "competent person."

transferred to Chinese sovereignty. The court noted that "[t]he Hague Service Convention was extended to Hong Kong by the United Kingdom on May 20, 1970, and became effective as to Hong Kong on July 19, 1970." *Id.* The court further noted that "[o]n June 10, 1997, China notified the Netherlands government, the official depository for the Hague Convention, that upon transfer of Hong Kong's sovereignty to China, the Hague Service Convention would continue to be applicable to Hong Kong." *Id.* This Court agrees with Judge Ludwig's reasoning and conclusions in *Willis*.

As the Court is satisfied that Hong Kong is a member of the Hague Service Convention, the Court notes that it is required to follow mandate from the United States Supreme Court holding that transmittal of documents for service abroad must be made pursuant to the provisions of the Hague Service Convention. *Volkswagenwek Akitengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

TracFone states that it is requesting the Court's assistance in initiating the process of effectuating service through the Hong Kong Central authority because a judicial officer must initiate the request to the Hong Kong Central Authority to effect service under the Hague Service Convention. On this issue the Court agrees with TracFone's proffer. As demonstrated by the information submitted with TracFone's motion, the Hague Convention status page for Hong Kong demonstrates that Hong Kong's Central Authority (the Chief Secretary for Administration) requires that the request for service of process must come from "Judicial officers, officials or other competent persons." *See* China (Hong Kong) - Other Authority (Art. 18) & Practical Information, http://www.hcch.net/index_en.php?act=authorities.details&aid=393 (last visited January 3, 2012).

Accordingly, as set forth more fully in the "Relief" section of this order, the Court hereby directs the Clerk of Court to dispatch of the summons and complaint to the Hong Kong Central authority to serve Technopark.

## SERVICE BY POSTAL CHANNEL
## PURSUANT TO FED. R. CIV. P. 4(F)(2)(C)(II)

TracFone also requests that, in addition to service pursuant to Fed. R. Civ. P 4(f)(1) though the Hong Kong Central authority, the Clerk be directed to dispatch a copy of the summons and complaint directly to Technopark by international mail and FedEx.

In order to address this section of TracFone's motion, the Court must address three questions: (1) can service of legal documents be made by mail under Article 10(a) of the Hague Convention; (2) if so, can such a manner of service be used in Hong Kong; and, (3) if so, is FedEx a permitted postal channel in which to effectuate service of process?

### *Service by Postal Channel under Article 10(a): Generally*

The first question this Court must address is: provided the destination country does not object, can U.S. legal documents be served by mail pursuant to Article 10(a) of the Hague Service Convention? At the outset, the Supreme Court has held that the transmittal of documents for service abroad must be made pursuant to the provisions of the Hague Service Convention. *Volkswagenwek Akitengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

The Court begins by reviewing two recent published opinions from this district finding that while service through the central authority of the destination state is *one* way to effectuate service, judicial documents may be sent by postal channels directly to persons abroad so long as country of service does not object. *TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011) (internal punctuation omitted) ("[I]n addition to service through the Central Authority of each country, Article 10(a) of the Hague Service Convention provides that,

if the State of destination does not object, the Hague Convention does not change the freedom to send judicial documents, by postal channels, directly to persons abroad.") (citing *TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F. Supp. 2d 1307, 1309 (S.D. Fla. 2010).

The Court also notes that while the Eleventh Circuit has not addressed the issue, Judge Martinez's opinion in *Sunstrike* and Judge Hoeveler's opinion in *Bequator* are consistent with opinions from numerous district courts—including the Southern District of Florida—within the Eleventh Circuit—that have found that Article 10(a) of the Hague Service Convention permits service by mail unless the country has objected to this method. *See Julien v. Williams*, No. 10-CV-2358T-TBM, 2010 WL 5174535, at *2 (M.D. Fla. 2010) (authorizing service by mail); *Conax Florida Corp. v. Astrium Ltd.*, 499 F. Supp. 2d 1287, 1293 (M.D. Fla. 2007) (authorizing service by mail upon finding that "Article 10(a) is applicable to service of process."); *Lestrade v. U.S.*, 945 F. Supp. 2d 1557 (S.D. Fla. 1996) (service of IRS petition by mail satisfied Hague Service Convention); *see also Schiffer v. Mazda Motor Corp.*, 192 F.R.D. 335, 338 (N.D. Ga. 2000) (service of process by mail is permitted under Article 10(a); *Coblentz GMC/Freightliner, Inc. v. General Motors Corp.*, 724 F. Supp. 1364, 1372-73 (M.D. Ala. 1989) (finding service of process by mail was permissible under Article 10(a) of the Hague Service Convention).

The Court further notes that three federal circuit courts have agreed that service by mail is permissible under the Hague Service convention. In the first federal appellate decision to consider the issue, in *Ackermann v. Levine*, 788 F.2d 830, 839-40 (2d Cir. 1986), the Second Circuit concluded that the word "send" was intended to mean "service." In a more detailed opinion several years later, the Ninth Circuit agreed in *Brockmeyer v. May*, 383 F.2d 798 (9th Cir. 2004). In *Brockmeyer*, the court considered the purpose of the Convention and concluded that the word "send" in Article 10(a) includes service of process. *Brockmeyer*, 383 F.2d at 802.

The court relied on commentaries on the history of the negotiations leading to the Hague Service Convention and a letter written by the State Department disagreeing with contrary authority. The Seventh Circuit has agreed with this opinion in dicta. *See Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002), *cert. denied*, 537 U.S. 878 (2002).

The Court is aware—as TracFone noted in its motion—that contrary authority exists on this issue. *See, e.g., Intelsat Corp. v. Multivision TV LLC*, 736 F. Supp. 2d 1334, 1342-43 (S.D. Fla. 2010). After bringing this contrary authority to the Court's attention, TracFone offered a compelling explanation. Specifically, as TracFone points out, the contrary authority is at odds with the *official* position of the United States Department of State and subsequent decisions from this District. TracFone's motion includes a copy of a March 14, 1990 letter by Alan J. Kreczko (the "Kreczko Letter"),[2] then-legal advisor to the Department of State, to the National Center for State Courts criticizing the Eighth Circuit's decision in *Bankston v. Toyota Motor Corp.*, 889 F.2d 172 (8th Cir. 1989). In *Bankston* the Eighth Circuit compared the use of the word "send" in article 10(a) to the use of the words "serve" or "service" throughout the rest of the convention and concluded that the difference was intentional. *Id.* at 174. The Kreczko Letter asserted that the Department of State's position was that the *Bankston* decision was incorrect.

TracFone notes in particular that the court Kreczko Letter does not appear in the record in *Intelsat Corp. v. Multivision TV LLC*. By contrast, this important piece of information was presented to Judge Martinez in *Sunstrike* and to Judge Hoeveler in *Bequator*, which may explain the different results in this district.

In the Kreczko Letter, the United States Department of State concluded that permitting service by mail would spare plaintiffs in the United States time and expense. Furthermore, the

---

[2] TracFone indicates that it obtained a copy of the Kreczko Letter through a Freedom of Information Act Request to the U.S. Department of State.

United States Department of State noted that a Japanese delegate at a meeting of new Hague Convention members expressed Japan's position on Article 10(a), which was that service by mail did not violate Japan's judicial sovereignty. Kreczko, on behalf of the Department of State, asked the Center to distribute his letter to the state courts. The Kreczko letter is particularly significant because of the longstanding proposition that the views of the State Department should be given special weight in construing treaties. *See, e.g., Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 184-85 (1982); *Bush v. United States (The Yulu)*, 71 F.2d 635, 636 (5th Cir. 1934); *see also* 1 RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES § 112 cmt. c, at 59 (1987).

Accordingly, this Court answers the first question posed by the instant motion in the affirmative—service by mail can be made under Article 10(a) of the Hague Service Convention, provided that the destination country does not object to such manner of service.

### *Service by Postal Channel under Article 10(a): Hong Kong*

The next question this Court must address is can U.S. legal documents be served by mail in Hong Kong pursuant to Article 10(a) of the Hague Service Convention?

As set forth above, Hong Kong is a signatory to the Hague Service Convention. TracFone has submitted a document showing that Hong Kong's position with respect to particular articles of the Hague Service Convention, stating that with respect to Article 10(a), Hong Kong has "no objection."

The Court further notes that other courts have found that service under the federal rules by postal channel is permitted in Hong Kong. *See Willis*, 2011 WL 66017, at *3 ("Neither the People's Republic of China nor Hong Kong has objected under the Hague Service Convention to service of process by mail in Hong Kong."); *Bequator*, 717 F. Supp. 2d at 1309 (Hong Kong

does not object to judicial documents being sent by postal channels under Article 10(a)); *Sunstrike,* 273 F.R.D. at 699 (permitting service to Hong Kong by postal channel where the plaintiff "attached evidence showing that, with respect to Article 10(a) of the Hague Convention, Hong Kong has 'no objection' to sending judicial documents directly to persons in their jurisdiction by postal channels."); *Silver Top Ltd. v. Monterey Indus. Ltd.,* No. 94-5731, 1995 WL 70599, at *2 (S.D.N.Y. Feb. 21, 1995) (service of process by registered mail to Hong Kong defendants was an appropriate method of service under the Convention).

The Court agrees with these decisions. Based on the documentary evidence before the Court, the Court finds that service by postal channel can be effectuated in Hong Kong in compliance with the Hague Service Convention and Fed. R. Civ. P. 4(f)(2)(C)(ii).

### *Service by Postal Channel Under Article 10(a): By FedEx*

The third question this Court must address is: can FedEx be used as a permissible postal channel to complete service consistent with Article 10(a)?

TracFone's motion states that it believes FedEx will be an efficient way to deliver a copy of the summons and complaint to Technopark in Hong Kong and to track delivery of the parcel. TracFone thus requests that the Clerk be directed to dispatch a copy of the summons and complaint to Technopark by FedEx, in addition to international mail.

The Court observes that numerous courts have recognized that FedEx (or other commercial mail couriers) are permissible "postal channels" through which to complete service consistent with Article 10(a) of the Hague Service Convention. *See Sunstrike,* 273 F.R.D. at 699 ("serving Hong Kong Defendants with a copy of the summons and amended complaint sent via international express mail and via FedEx directed to their President, General Manager, or other executive officer at their respective headquarters, is permissible pursuant to Rule

4(f)(2)(C)(ii)."); *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1106-08 (D. Nev. 1996) (recognizing service by FedEx as service through "postal channels" under Article 10(a) of the Hague Service Convention); *Wong v. Partygaming Ltd.*, No. 1:06–CV–2376, 2008 WL 1995369, at *3 (N.D. Ohio May 6, 2008) (finding service complied with Article 10(a) where "plaintiffs sent a copy of the complaint to each defendant via DHL, a proper method of service under the Hague Service Convention, and provided the court with proof of service. Accordingly, the court finds that service was proper.").

Accordingly, the Court concludes that FedEx is a permissible postal channel under Article 10(a) and, as set more fully in the "Relief" section of this order, directs the Clerk to dispatch the summons and complaint to Technopark by FedEx.

### *Timing of Technopark's Response to the Complaint*

The Court further orders that, pursuant to Fed. R. Civ. P. 12(a)(1)(A), Technopark's answer to TracFone's complaint shall be due twenty-one days after receipt of the copy of the summons and complaint, to be sent via United States postal service international express mail and via FedEx and directed to directed to its President, General Manager, or other executive officer at Technopark's business location in Hong Kong. *See SCRA Corp. v. Trajes Internacionales de Costa Rica, S.A.*, No. 98–6245, 1999 WL 718650, at *1–3 (E.D. Pa., August 30, 1999) (noting that the time periods for responding to a complaint set-forth in Fed. R. Civ. P. 12(a)(1)(A) apply to a defendant served abroad).

### *Proof of Service Pursuant to Fed. R. Civ. P. 4(l)(2)(B)*

The Court further finds that TracFone may file a copy of the FedEx "proof of signature" (or substantially equivalent document) as proof that service has been effectuated pursuant to Fed. R. Civ. P. 4(l)(2)(B), which provides that when service is made that pursuant to Fed. R. Civ. P.

4(f)(2), service may be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that summons and complaint were delivered to the address."

### RELIEF

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED**. *[CDE.6]* The Court hereby **ORDERS** that

(a)   Pursuant to Fed. R. Civ. P. 4(f)(1) and the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, the Clerk of this Court shall deliver, via international express mail, two copies of: (1) TracFone's complaint; (2) summons to Technopark Co. Ltd.; (3) civil cover sheet; (4) USM-94, "Request for Service Abroad of Judicial or Extrajudicial Documents," which is to be executed by the Clerk; (5) summary of the document to be served; (6) and order regarding service on Technopark Co. Ltd. ("Order"); to the Chief Secretary of Administration of Hong Kong Special Administrative Region, Central Government Offices, Lower Albert Road, Hong Kong for service upon Technopark Co. Ltd. at 19th Floor, Suite B Wing, Yee Commercial Building, 3–7 Wing Kut Street, Central Hong Kong.

(b)   Pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii), the Clerk of this Court shall serve Defendant Technopark Co. Ltd., by sending via United States postal service international express mail, return receipt requested, one copy of: (1) TracFone's complaint; (2) summons to Defendant Technopark Co. Ltd.; (3) civil cover sheet; (d) order; and (e) affidavit, along with a cover letter provided by Plaintiff; to Technopark Co. Ltd. at Rooms 2905-06, 29/FL, 69 Jervois Street, Sheung Wan, Hong Kong.

(c)   Pursuant to Fed. R. Civ. P. 4(f)(3), the Clerk of this Court shall serve Defendant Technopark Co. Ltd., by sending via FedEx, return receipt requested, one copy of: (1) TracFone's complaint; (2) summons to Defendant Technopark Co. Ltd.; (3) civil cover sheet; (d)

order; and (e) affidavit, along with a cover letter provided by Plaintiff; to Technopark Co. Ltd. at Rooms 2905-06, 29/FL, 69 Jervois Street, Sheung Wan, Hong Kong.

(d)     TracFone may file a copy of the FedEx "proof of signature" (or substantially equivalent document) as proof, pursuant to Fed. R. Civ. P. 4(l)(2)(B), that service has been effectuated on Technopark Co. Ltd., pursuant to this Court ordered-alternate method of service under Fed. R. Civ. P. 4(f)(2);

(e)     Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Technopark's response to the complaint shall be due twenty-one (21) days after receipt of copy of the summons and complaint.

(f)     TracFone shall ensure that the Clerk has the requisite pre-paid and pre-addressed international express mail and FedEx envelopes to carry out the requirements of this order.

**DONE AND ORDERED** in Chambers at Miami, Florida this _10_ day of _Jan_

_____, 2012.

_____
HON. URSULA UNGARO
UNITED STATES DISTRICT COURT JUDGE

*Copies furnished to:*
*Counsel of Record*