IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-cv-20013-UU

TRACFONE WIRELESS, INC,

    Plaintiff,

v.

TECHNOPARK CO., LTD. *et al.*,

    Defendants.

_____/

## ORDER GRANTING PARTIAL FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT TECHNOPARK AND RESERVING AND ALLOWING DISCOVERY ON FINAL DAMAGES

Plaintiff TracFone Wireless, Inc. ("TracFone") brought the above-captioned lawsuit against Defendant Technopark Co. LTD. ("Technopark") and others asserting claims for federal contributory trademark infringement, 15 U.S.C. § 1114; contributory copyright infringement, 17 U.S. § 106; circumvention of copyrighted software protection system, 17 U.S.C. § 1201; trafficking in circumvention technology; tortious interference with a contractual right in violation of Florida common law; conspiracy to induce breach of contract; civil conspiracy; unjust enrichment and violations of FDUTPA( Fla. Stat. § 501.211).

### I. Plaintiff TracFone Wireless, Inc.'s Business

TracFone's Complaint states that TracFone is the largest provider of prepaid wireless telephone service in the United States, and markets its service under the TracFone, Net10, and Straight Talk brands (hereinafter referred to as "TracFone Prepaid Phones" or "Phones"). [DE 1 at ¶ 30]. TracFone's Complaint further states that TracFone's customers prepay for wireless service by purchasing TracFone airtime cards and wireless Phones specially manufactured for

TracFone. *Id.* TracFone states that it takes several steps to protect in its Phones to make sure that the Phones can only be used on TracFone's wireless network. *Id.* at ¶ 33.

TracFone states in connection with advertising and selling its Phones, TracFone has used, and continues to use, several trademarks (the "Marks") in commerce including the marks TracFone, NET10, Straight Talk and spiracle logo, which it states constitute the lawful, valued, subsisting and exclusive property of TracFone and that TracFone and its authorized, affiliated agents are permitted to use the Marks. *Id.* at ¶ 34. TracFone states that its Marks are well known and established to customers and the trade as symbols identifying and distinguishing TracFone's products and services and provide actual notice that TracFone's Phones are intended for use solely within TracFone's network. *Id.* at ¶ 35.

TracFone states that Technopark and/or its co-conspirators are selling hardware and software that enable them and others to circumvent TracFone's copyrighted and proprietary software and reflash and unlock the TracFone Prepaid Phones. Once a TracFone Prepaid Phone has been unlocked or reflashed, TracFone states it is no longer operable on TracFone's prepaid wireless virtual network, and is operable on other cellular networks. Furthermore, after a TracFone Prepaid Phone is unlocked or reflashed, TracFone states it no longer has a revenue source to recoup the invested subsidy on that phone.

## II.     Technopark's Business

According to TracFone, Technopark is engaged in, and knowingly facilitates and encourages others to engage in, unlawful business practices involving the unauthorized and unlawful computer unlocking or reflashing of TracFone Prepaid Phones and alteration and copying of TracFone's copyrighted and proprietary software computer code installed in the Phones (the "Unlocking Scheme"). *See* [DE 1 at ¶ 24]. As alleged in the Complaint, documents in TracFone's possession demonstrate that Technopark sold certain unlocking devices (known as an "Octopus Boxes") in furtherance of the Unlocking Scheme. *See* [DE 1 at ¶ 55]. Technopark's participation in the Unlocking Scheme has caused damage and substantial and irreparable harm to TracFone. *See id* at ¶ 69.

### III. The Present Litigation

As a result of Technopark's business activities, TracFone asserted claims against Technopark for federal contributory trademark infringement, 15 U.S.C. § 1114; contributory copyright infringement, 17 U.S. § 106; circumvention of copyrighted software protection system, 17 U.S.C. § 1201; trafficking in circumvention technology; tortious interference with a contractual right in violation of Florida common law; conspiracy to induce breach of contract; civil conspiracy; unjust enrichment and violations of FDUTPA.

The Court finds that all of the allegations in the complaint are well pled, and they are deemed admitted by virtue of Technopark's default. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). TracFone has therefore succeeded in proving its claims and Technopark is hereby permanently enjoined and liable to TracFone for the damages set forth herein.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1338, and 17 U.S.C. § 1203 because TracFone's claims arise under federal law, specifically, the United States Copyright Act, Title 17 of the United States Code, and United States Trademark Act, Title 15 of the United States Code. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over TracFone's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

This Court has personal jurisdiction over Technopark because Technopark had continuous and substantial business connections to the State of Florida, including conducting business with companies located in Florida. Technopark is further subject to the personal jurisdiction of this Court pursuant to: Fla. Stat. § 48.193(1)(a) because Technopark has conducted, engaged in and carried out business ventures within the State of Florida; § 48.193(1)(b) because Technopark has committed tortious acts within the State of Florida; and § 48.193(1)(g) by failing to perform acts required by a contract to be performed in the State of Florida. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b), and 28 U.S.C. §

1400, because a substantial part of the events or omissions giving rise to the claim occurred in this district, the impact of Technopark's misconduct occurred in this District, and Technopark is subject to personal jurisdiction in this district.

### TracFone's Service of Process on Technopark

TracFone submits that it has effectuated service on Technopark pursuant to Fed. R. Civ. P. 4(f)(2)(c)(ii), which requires that the mailing be "addressed and dispatched by the Clerk of the Court." Specifically, Fed. R. Civ. P. 4(f)(2)(c)(ii) provides, in pertinent part, that if not prohibited, "service upon an individual from whom a waiver has not been obtained and filed, may be effected in a place not within any judicial district of the United States: . . . by (ii) using any form of mail that the clerk addresses and send to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(c)(ii). On January 11, 2012, the Court entered its Order authorizing such method of service. [DE 9]; *see also, e.g.*; Conax *Florida Corp. v. Astrium Ltd.* 499 F. Supp. 2d 1287, 1293 (M.D. Fla. 2007) (authorizing service by mail upon finding that "Article 10(a) is applicable to service of process."). Accordingly, the Court finds that service was properly effectuated on Technopark.

Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Technopark's answer to TracFone's Complaint was due to within twenty-one days after receipt of the copy of the Summons and Complaint in Hong Kong. *See TracFone v. Bequator*, 717 F. Supp. 2d at 1310; (noting that the time periods for responding to a complaint set-forth in Fed. R. Civ. P. 12(a)(1)(A) apply to a defendant served abroad). Technopark was required to file their answers on or before February 21, 2012. *See* Weiss Affidavit at ¶ 6. Since it failed to answer, the Court finds that Technopark is in default.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians*, 561 F.3d at 1307. "With regard to the measure of damages, the allegations contained in the complaint are not considered admissions by virtue of the default; [r]ather, the Court determines the amount and character of damages to be awarded." *Zambrana v. Geminis Envios Corp.*, No. 08-20546-CIV, 2009 WL 1585995, at * 2 (S.D. Fla. June 4, 2009). Accordingly, TracFone can establish the amount of damages by

22563888.1

4

submitting sufficient evidence to support the request for damages. *Id.* (internal quotations omitted). In accessing damages without a hearing, it is appropriate for the Court to utilize "mathematical calculations." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

## DISCUSSION

### I. TracFone's Claim for Contributory Trademark Infringement (Count One)

TracFone has alleged that by trafficking in devices used to unlock and reflash TracFone Prepaid Phones in connection with the Unlocking Scheme, Technopark has knowingly aided and enabled the distribution of Phones to members of the general public in a way that infringes the Marks by placing in the hands of distributors and/or sellers an instrument of consumer deception. [D.E. 1 at ¶ 80]. Further, TracFone claims that Technopark's unlawful, unauthorized, and unlicensed sale of unlocking and/or reflashing boxes has thus contributed to the creation of express and implied misrepresentations that the TracFone Prepaid Phones, as sold by Defendants' co-conspirators, were created, authorized, or approved by TracFone, and may be used with TracFone's prepaid wireless service. *Id.* at ¶ 81. TracFone also states that Technopark and its co-conspirators' conduct has led to post-sale confusion by causing consumers who purchase TracFone Prepaid Phones altered by Technopark's unlocking and/or reflashing boxes to believe that they are purchasing handsets with software licensed or approved by TracFone.

Because TracFone's well-pleaded allegations against Technopark are deemed admitted by virtue of default, the Court finds that Technopark's actions constitute trademark infringement. *Idearc Media Corp. v. Super Pages.travel*, Case No. 08-61055-CIV, 2009 WL 196173, at *1 (S.D. Fla. Jan. 27, 2009) (finding trademark allegations deemed admitted by virtue of default).

### II. TracFone's Copyright and DMCA Claims (Counts Two, Three and Four)

#### A. TracFone's Copyright Claims

To establish copyright infringement, TracFone must prove: 1) ownership of a valid copyright, and 2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Bateman v. Mnemonic, Inc.*,

22563888.1

79 F.3d 1532, 1540 (11th Cir. 1996). In the context of computer software, as is the case for TracFone, when the defendant has engaged in literal or verbatim copying of all of the protected source code, there is sufficient evidence to authorize a finding of infringement. *See Bateman*, 79 F.3d at 1544 n.25. *See also Montgomery v. Noga*, 168 F.3d 1282, 1292 (11th Cir. 1999) (upholding copyright claim based on copying over seventy percent of the source code from original version in which the claimant owned a registered copyright).

TracFone owns United States Copyright Registration No. TX0006515894 for its computer program for cellular handset-resident prepaid system. [DE 1 at ¶ 37] Pursuant to the copyright application, the software was created in 2002 and first used in commerce on January 1, 2003. *Id.* at Exhibit B. The application for registration was filed with the Library of Congress on September 15, 2006. *Id.* A certificate of copyright registrations creates a rebuttable presumption that the copyright is valid. *See Montgomery*, 168 F.3d at 1292; 17 U.S.C. § 410(c) ("the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate."). The Court thus finds that TracFone has a valid copyright registration.

Technopark's actions in reflashing or otherwise modifying the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized reproduction and derivate work of the TracFone Prepaid Software. [DE 1 at ¶¶ 88-89] Therefore, TracFone's copyright has been infringed. Because TracFone has elected to collect only statutory damages under the DMCA, the Court will not discuss the damages TracFone has suffered as a result of this infringement.

### B.   DMCA Violations

17 U.S.C. § 1201(a)(1) states that:

> No person shall circumvent a technological measure[1] that effectively controls access to a work protected under this title.

---

[1] "[T]o 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A).

17 U.S.C. § 1201(a)(2) states that:

No person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that—

> (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title;
>
> (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title [17 U.S.C.A. S 1 et seq.]; or,
>
> (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title.

The TracFone Prepaid Software contains technological measures that in the ordinary course of the measures' operation require the application of information, or a process or a treatment, with TracFone's authority, to gain access to the proprietary software. [DE 1 at ¶ 33] TracFone did not give Technopark authority to reflash, unlock, or otherwise to avoid, bypass, remove, disable, deactivate, or impair the technological measures for effectively controlling access to and operation of the TracFone Prepaid Software. *Id.* at ¶¶ 96-97. Moreover, Technopark acted, and/or knowingly engaged in a conspiracy, to avoid, bypass, remove, disable, deactivate, or impair TracFone's technological measure for effectively controlling access to the proprietary software without TracFone's authority. *Id.* at ¶ 98. Technopark engaged in this conduct for the purpose of reselling the altered devices for a profit, and not for the sole purpose of lawfully connecting to a wireless telephone communication network. *Id.* at ¶ 99.

Further, Technopark is in possession of certain instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological measures within the TracFone Prepaid Software that effectively control access to the proprietary TracFone Prepaid Software. *Id.* at ¶ 104. Accordingly, Technopark is knowingly facilitating co-conspirators who are,

trafficking in the service of circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software by offering to the public its alteration service for a fee. *Id.* at ¶ 105-106. Based on the foregoing, Technopark has violated the DMCA and TracFone is entitled to recover statutory damages for Technopark's violation.

### DMCA Damages

Pursuant to 17 U.S.C. § 1203(c)(3)(A), TracFone is entitled to recover statutory damages "of not less than $200 or more than $2,500" for each unlocking or reflashing device that Technopark manufactured or distributed in furtherance of the Unlocking Scheme. *See Stockwire Research Group, Inc. v. Lebed*, 577 F. Supp. 2d 1262, 1268 (S.D. Fla. 2008) (awarding statutory damages per act of circumvention in the total amount of $2,357,200.00); *see also Microsoft Corp. v. Silver Star Micro, Inc.*, No. 1:06-cv-1350-WSD, 2008 WL 115006, at * 9 (N.D. Ga. Jan. 9, 2008) (awarding the statutory maximum for each of defendant's acts of circumvention); *Sony Computer Entm't Am., Inc. v. Divineo, Inc.*, 457 F. Supp. 2d 957, 967-68 (N.D. Cal. 2006) (awarding statutory damages in amount of $5,791,400.00 under the DMCA in a default judgment against defendant); *Sony Computer Entm't Am., Inc. v. Filipiak*, 406 F. Supp. 2d 1608 (N.D. Cal. 2005) (entering final judgment against defendant for $6,018,700.00 in statutory damages under the DMCA based on defendant's sale of 7194 infringing items); *Coxcom, Inc. v. Chaffee*, No. CA05-107S, 2007 WL 1577708, at *7 (D. R.I. May 31, 2007) ("Courts have interpreted this provision [17 U.S.C. § 1203(c)(3)(A)] to authorize an award of statutory damages '*for each device sold*'") (emphasis added) (quoting *Filipiak*, 406 F. Supp. 2d at 1074).

Documents produced by TracFone demonstrate that Defendant Technopark manufactured four (4) unlocking or reflashing devices sold by distributers in furtherance of the Unlocking Scheme. *See* [D.E. 1] at ¶ 55. The sale of these devices by Technopark has caused damage and substantial and irreparable harm to TracFone. [*Id.* at ¶ 102] Furthermore, Technopark's actions were willful and necessitate an award at the maximum statutory amount. *See Filipiak*, 406 F. Supp. 2d at 1075 (awarding the maximum statutory award per circumvention based, in part, on defendant's willful violations of the DMCA).

Accordingly, TracFone is awarded statutory damages against Defendant Technopark for $10,000.00—for the devices that TracFone is aware of. 17 U.S.C. § 1203(c)(3)(A); *see also Divineo, Inc.*, 457 F. Supp. 2d 957; *Filipiak*, 406 F. Supp. 2d 1608.

## III. TracFone's Tortious Interference Claim (Count Five)

To prevail on a claim of tortious interference, TracFone must show: "(1) the existence of a business relationship or an enforceable contract, (2) knowledge of the relationship on the part of defendant, (3) an intentional and unjustified interference with the relationship by defendant, and (4) damage to the plaintiff as a result of the breach of the relationship." *Carl v. Republic Security Bank*, 282 F. Supp. 2d 1358, 1371-1372 (S.D. Fla. 2003). TracFone has properly established the existence of an enforceable contract. [DE 1 at ¶¶ 38-45]. Technopark knew about the contractual relationship and unjustifiably interfered with the relationship. *Id.* at ¶ 114. Technopark's actions caused TracFone to suffer damages. *Id.* at ¶ 116. Because TracFone has elected to collect only statutory damages under the DMCA at this time, the Court will not discuss the damages TracFone has suffered as a result of this tortious interference.

## IV. TracFone's Conspiracy Claims (Counts Six and Seven)

To properly state a claim for civil conspiracy, a plaintiff must allege "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Florida Fern Growers Assoc., Inc. v. Concerned Citizens of Putnam Cty.*, 616 So. 2d 562, 565 (Fla. 5th DCA 1993).

The evidence shows Technopark worked in concert with other individuals who were engaged in the unlawful unlocking and reflashing of TracFone Phones. [DE 1 at ¶ 65]. Furthermore, as a result of the conspiracy, TracFone has suffered damages in the form of lost sales, lost profits, loss of ability to control the quality of its product, inability to supply retailers with sufficient volume of Phones, and loss of business reputation and goodwill. [DE 1 at ¶¶ 69-75] Accordingly, Technopark has actively participated in a conspiracy to induce breach of contract and a conspiracy in violation of Florida common law. *Florida Fern Growers Assoc.,*

616 So. 2d at 565.

## V. TracFone's Unjust Enrichment Claim (Count Eight)

To prevail on a cause of action for unjust enrichment, a plaintiff must show that: 1) a benefit was conferred on defendant, 2) defendant had knowledge of the benefit conferred, 3) defendant accepted and retained the benefit, and 4) it would be inequitable for defendant to retain the benefit without compensation to the plaintiff. *N.G.L. Travel Assocs. v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 675 (Fla. 3rd DCA 2000). Courts have held that a claim for unjust enrichment, a form of equitable relief, cannot stand if an express contract exists. *Morris v. ADT Sec. Services*, 580 F. Supp. 2d 1305, 1312-13 (S.D. Fla. 2008) (claim for unjust enrichment may proceed where plaintiff has not asserted a claim based on an express contract).

By engaging in an unlawful enterprise that unlocks and reflashes TracFone Phones and facilitates the bulk purchasing, trafficking and reselling of infringing TracFone Phones below the manufacturers' cost of the phones, Technopark obtained benefits from TracFone that have resulted in significant financial benefits to Technopark. [DE 1 at ¶ 132] Technopark acquired the benefits voluntarily and with full knowledge. *Id.* at ¶ 133. Technopark has retained the benefits under such circumstances that make it unjust and inequitable for Technopark to retain the benefits without paying TracFone the value of the benefits Technopark acquired. *Id.* at ¶ 134. Therefore, Technopark has been unjustly enriched by their actions. Because TracFone has elected to collect only statutory damages under the DMCA, the Court will not discuss the damages TracFone has suffered as a result of this unjust enrichment.

## VI. TracFone's False and Deceptive Trade Practices Claim (Count Nine)

Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") declares the following actions unlawful: "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). In order to state a claim for relief under FDUTPA, TracFone "must demonstrate that it was aggrieved by an act or practice that constitutes a 'violation of this part.'" *Sun Protection Factory, Inc. v. Tender Corp.*, No. 604CV732ORL19KRS, 2005 WL 2484710, at *13 (M.D. Fla.

Oct. 7, 2005). "Engaging in trademark infringement is an unfair and deceptive trade practice that constitutes a 'violation of this part.'" *Id.* (citing *Laboratorios Roldan v. Tex Int'l, Inc.*, 902 F.Supp. 1555, 1569-70 (S.D. Fla. 1995) (explaining that intentionally palming off or passing off products is the type of behavior which FDUTPA was meant to protect against)).

TracFone has established its trademark claims and Technopark's conduct in the Unlocking Scheme as described above was willful and constitutes unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in violation of Fla. Stat. §501.204. [D.E. 1. at ¶ 136]. TracFone suffered damage as a result of Technopark's conduct. *Id.* at ¶137. Accordingly, TracFone has prevailed on its FDUTPA claim.

## VII. TracFone's Request to Continue Discovery Following Entry of this Judgment

TracFone seeks to continue discovery following entry of this partial final judgment in order to determine the extent of Technopark's statutory violations and the amount of TracFone's actual damages.

The Court finds such post-default discovery is permissible. In *Svetlick v. Lucius*, Case No. 08-61525-CIV, 2009 WL 1203925 (S.D. Fla. May 1, 2009), the court granted Default Final Judgment of liability and permitted the plaintiff to take additional discovery to determine damages. *Id.* at *1. In *Microsoft Corp. v. Raven Technology, Inc.*, Case No. 6:05-cv-1346-Orl-28DAB, 2007 WL 438803 (M.D. Fla. Feb. 8, 2007), the court granted Default Final Judgment but found that plaintiff did not introduce enough evidence to support the statutory damages award it was seeking. In explaining its decision, the court stated that the Plaintiff could have pursued discovery, notwithstanding the default. *Id.* at FN2.

TracFone is also permitted to conduct this discovery through subpoenas sent through international express mail or FedEx to Hong Kong. As this Court and others have already found, Hong Kong has not objected to Article 10(a) of the Hague Service Convention and thus permits TracFone to serve judicial documents, such as subpoenas, directly to its residents via international express mail or FedEx. *See* [D.E. 9]; *TracFone Wireless, Inc. v. Does*, Case No. 11-cv-21871-MGC, 2011 WL 4711458, *5 (S.D. Oct. 4, 2011) ("this Court answers the …

question posed by ... motion in the affirmative—service of a U.S. subpoena by mail can be made under Article 10(a) of the Hague Service Convention, provided the destination country does not object to service of foreign legal documents by mail).

## CONCLUSION

Accordingly, it is hereby, **ORDERED, ADJUDGED** and **DECREED** that:

1. Partial final judgment is hereby entered against Defendant, Technopark Co, Ltd., on all of the claims set forth in TracFone's Complaint.

2. Pursuant to 17 U.S.C. § 1203(c)(3)(A), TracFone is entitled to recover statutory damages "of not less than $200 or more than $2,500" for each unlocking or reflashing device Defendant Technopark Co., Ltd. manufactured or distributed in furtherance of the Unlocking Scheme. The Court finds that Defendant Technopark Co., Ltd. manufactured or distributed as part of a conspiracy, at minimum, four (4) Octopus Boxes in furtherance of the Unlocking Scheme in violation of the DMCA.

3. Partial final Judgment is hereby entered against Defendant, Technopark Co., Ltd., jointly and severally, in favor of the Plaintiff, in the principal amount of **$10,000.00** which shall bear interest at the legal rate, and for which let execution issue forthwith. The Court reserves jurisdiction to award additional actual and statutory damages when discovery is complete.

4. Pursuant to Fed. R. Civ. P. 4(f)(1) and the Hague Service, TracFone may serve discovery in the form of subpoenas following the entry of this Partial Final Judgment through international express mail or federal express mail sent to Hong Kong.

5. Defendant Technopark Co. Ltd. is hereby PERMANENTLY ENJOINED from:

   a. possessing or trafficking in any devices used to unlock and reflash TracFone Prepaid Phones;

   b. reflashing and/or unlocking of any TracFone Prepaid Phones;

   c. possessing or trafficking in certain instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological

measures within the TracFone Prepaid Software that effectively control access to the proprietary TracFone Prepaid Software;

d.  accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any model of TracFone Prepaid Phones;

e.  facilitating or in any way assisting other persons or entities who Technopark Co., Ltd. knew or should have known are engaged in reflashing and/or unlocking TracFone Prepaid Phones and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Prepaid Phones;

f.  facilitating or in any way assisting other persons or entities who Technopark Co., Ltd. knew or should have known are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling of unlocked TracFone Prepaid Phones; and,

g.  knowingly using the TracFone, NET10, Straight Talk and ⌖ ("spiracle logo") trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone, NET10, Straight Talk and ⌖ ("spiracle logo") Trademarks, without TracFone's prior written authorization.

6.  The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction or the parties' settlement.

7.  If Technopark violates the terms of this Permanent Injunction, TracFone shall be entitled to file an Affidavit or Declaration of Violation requesting that the Court order the payment of compensatory damages to TracFone in the amount of Five Thousand Dollars and No Cents ($5,000.00 (U.S.)) for each Octopus Box purchased, sold, advertised, solicited and/or shipped in violation of the Permanent Injunction, or a single damages award of One Million

Dollars and No Cents ($1,000,000.00 (U.S.)), whichever is greater. TracFone shall provide at least five (5) working days notice to Defendant(s) after filing an Affidavit or Declaration of Violation. The Court finds that any amounts awarded under this paragraph are compensatory and reasonable estimations of the minimum damages suffered by TracFone for such a breach and will serve to compensate TracFone for its losses in the event a Defendant violates the terms of this Permanent Injunction.

8. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

9. The last known address of Defendant Technopark Co. Ltd. is Rooms 2905-06, 29/FL, 69 Jervois Street, Sheung Wan, Hong Kong.

10. The address of Plaintiff TracFone Wireless, Inc. is 9700 Northwest 112th Avenue, Miami, Florida 33178.

11. The case remains pending on all issues against all remaining defendants.

**DONE AND ORDERED** in Miami, this 9 day of April, 2012.

_____
URSULA UNGARO
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
All *pro se* parties and/or counsel of record